12-49-cr
*United States v. Guerino*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand fifteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judge*s.

───────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      No. 12-49-cr

JOSEPH GUERINO, AKA GUERINO JOSEPH,

> *Defendant–Appellant*.

───────────────────────────────────

FOR APPELLANT:            Jonathan I. Edelstein, Edelstein & Grossman, New York, NY.

FOR APPELLEE:             Jo Ann M. Navickas and Matthew M. Amatruda, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

───────────────────────────────────

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Guerino ("Guerino") appeals from a final judgment of conviction and sentence entered by the United States District Court for the Eastern District of New York after a jury found him guilty of conspiracy to commit Hobbs Act robbery, four substantive counts of Hobbs Act robbery, and two counts of using a firearm in connection with crimes of violence. On appeal, Guerino argues that witness statements made by cooperating witnesses to the police were improperly admitted and that the district court's sentence was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Guerino challenges his conviction on the basis that the admission of statements made to police by two cooperating witnesses was improper. The statements at issue were admitted pursuant to Federal Rule of Evidence 801(d)(1)(B), which permits the admission of a declarant-witness's prior statement that are "consistent with the declarant's testimony" if the statement is offered "to rebut an express or implied charge that the declarant recently fabricated [the challenged testimony] or acted from a recent improper influence or motive in so testifying." "We review the district court's decision to admit a statement into evidence under Rule 801(d)(1)(B) for abuse of discretion." *United States v. Caracappa*, 614 F.3d 30, 39 (2d Cir. 2010). Although the district court would have done better to identify more precisely when it found the allegedly improper motive on the part of the cooperating witnesses to have arisen, we find no abuse of discretion in the district court's apparent conclusion that defendant's opening

statement and cross-examination questions implied that the cooperating witnesses' motive to lie arose when they became aware that they faced federal charges, rather than when they were initially arrested. *See United States v. Al-Moayad*, 545 F.3d 139, 167 (2d Cir. 2008) ("The statement must have been made before the declarant developed an alleged motive to fabricate." (internal quotation marks and brackets omitted)). Accordingly, we see no error in the conclusion that the statements at issue were made before the alleged motive to fabricate arose and that they were therefore admissible to rebut defendant's assertion that the cooperating witnesses falsely implicated defendant Guerino in order to secure more lenient treatment from the government in their own cases.

Defendant Guerino's challenges to the procedural reasonableness of his sentence are similarly without merit. First, contrary to defendant's argument on appeal, the sentencing transcript clearly shows that the district court did not improperly conflate the statutory maximum sentence with the guidelines range. Rather, the district court properly observed that the guidelines range calculated for Guerino's robbery convictions (262 to 327 months) exceeded the statutory maximum sentence for those convictions (240 months). Second, even assuming that the district court erred in finding that the conduct underlying Guerino's robbery convictions warranted a four-level enhancement for "serious bodily injury" rather than a two-level enhancement for "physical injury," the record makes abundantly clear that such error was harmless because "the district court would have imposed the same sentence in any event." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). Not only would Guerino's Guidelines range remain unchanged even if it were recalculated to apply only a two-level enhancement, but the district court also imposed a below-guidelines sentence for each of the robbery convictions.

Defendant's challenge to the substantive reasonableness of his sentence is also unavailing. We "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)) (en banc). The record reflects that the district court carefully considered the 18 U.S.C. § 3553(a) sentencing factors when imposing the below-guidelines sentence it selected, and we decline to "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations." *Id.*

We have considered all of Guerino's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4